UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE E. GREENE,

          Plaintiff,          Case No. 1:22-cv-13013

v.          Honorable Thomas L. Ludington
          United States District Judge

RANDEE REWERTS, et al.,

          Defendants,
_____/

**ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF MICHIGAN**

Plaintiff Lawrence E. Greene is a Michigan prisoner incarcerated at Carson City Correctional Facility (CCCF). He filed a civil-rights complaint in this district under 42 U.S.C. § 1983, identifying Randee Rewerts, Walrath, Petersen, and Kurtz as Defendants. ECF No. 1. Plaintiff alleges Defendants violated his constitutional rights by retaliating against him for filing a grievance at CCCF. *Id.*

But CCCF is in the United States District Court for the Western District of Michigan. So, the case will be transferred to the United States District Court for the Western District of Michigan.

Venue for federal civil cases generally is governed by 28 U.S.C. § 1391. Relevant here, § 1391 provides that a civil action may be brought in a judicial district in which (1) any defendant resides or (2) a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). If venue is improper in the district where a case was filed but would be proper in another district, then "a district court has the power to sua sponte transfer [the] case" "to a court that has personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1406(a) or 1631."

- 2 -

*Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (unpublished) (collecting cases).

The individually identified Defendants are employed at CCCF, which is in Montcalm County, Michigan. The alleged events in the complaint also occurred in Montcalm County. Montcalm County is part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue in this district, but the facts alleged in the Complaint suggest that venue would be proper in the Western District, this Court finds that the interests of justice would be served by transferring the case to the district where it should have been initially filed: The United States District Court for the Western District of Michigan. 28 U.S.C. § 1406(a).

Notably, this Court has not decided whether Plaintiff may proceed *in forma pauperis*, and it has not reviewed the Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A or 42 U.S.C. § 1997e(c).

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer the above-captioned case to the United States District Court for the Western District of Michigan under 28 U.S.C. §1406(a).

Dated: January 5, 2023                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge